THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER J. KONDRK, Appellant, against JOHN F. FOSTER, as Warden of Auburn State Prison, Respondent.

Argued May 27, 1949; decided July 19, 1949.

*John M. Cashin* for appellant. I. Relator is restrained of his liberty without lawful authority. (*People* v. *Brien,* 53 Hun 496; *People* v. *Bigley,* 178 Misc. 552; *People* v. *Pollack,* 154 App. Div. 716; *People* v. *Romanelli,* 197 App. Div. 876; *People* v. *Spivak,* 237 N. Y. 460; *Matter of Cuddy,* 131 U. S. 280; *Canizio* v. *New York,* 327 U. S. 82; *Foster* v. *Illinois,* 332 U. S. 134.) II. Habeas corpus is the proper remedy. (*People ex rel, Thornwell* v. *Heacox,* 231 App. Div. 617; *People ex rel. Sampson* v. *New York Catholic Protectory,* 93 App. Div. 196; *People ex rel. Strohsahl* v. *Strohsahl,* 221 App. Div. 86; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *Hoff* v. *State of New York,* 279 N. Y. 490.) III. Relator has no other remedy. (*People* v. *Gersewitz,* 294 N. Y. 163; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131.)

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr., Wendell P. Brown* and *Herman N. Harcourt* of counsel), for respondent. I. Habeas corpus is not available. (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *People* v. *Miles,* 289 N. Y. 360; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Spivak,* 237 N. Y. 460; *People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 617; *Matter of Zovick* v. *Eaton,* 259 App. Div. 585, 286 N. Y. 674; *People* v. *Edwards,* 173 App. Div. 375; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131.) II. The sentence was properly computed as one of a twenty-year maximum. (*People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 617; *People* v. *Edwards,* 173 App. Div. 375; *Matter of Zovick,* v. *Eaton,* 259 App. Div. 585.) III. The judgment of conviction upon all four counts was legal and proper. (*People* v. *Wilson,* 151 N. Y. 403; *People* v. *Kupperschmidt,* 237 N. Y. 463; *People* v. *Vitolo,* 271 App. Div. 959, 297 N. Y. 575; *Carpenter* v. *Hudspeth,* 112 F. 2d 126; *Bloch* v. *United States,* 261 F. 321; *United States* v. *Carpenter,* 143 F. 2d 47.)

LOUGHRAN, Ch. J. This is a habeas corpus proceeding. For the sake of clarity, the relator will be called the defendant.

In September, 1932, he was indicted by the Chemung County Grand Jury on four counts. The first count charged burglary in the third degree, alleging that the defendant, on or about August 25, 1932, broke and entered a garage of the Clute Motor Company at Elmira, New York, with intent to steal therefrom

personal property of that company and its patrons. The second count charged grand larceny in the second degree, alleging that " as a part of the same transaction, at the same time and place mentioned in the first count of this indictment " the defendant stole a motor vehicle and $35 in currency which together were of a total value of $300. The third count charged the defendant with criminally receiving from thieves who were to the Grand Jury unknown the property described in the second count " at the same time and place mentioned in the first count of this indictment, as a part of the same transaction ". The fourth count charged a criminal concealment by the defendant of the property described in the second count at the same time and place mentioned in the first count.

When he was first arraigned in the County Court on September 16, 1932, the defendant through his then counsel entered a plea of not guilty. On October 11, 1932, he appeared again in that court and then, according to the clerk's minutes, " through his Counsel changed his plea from Not Guilty to Guilty as charged in the indictment." (Cf. Code Crim. Pro., § 335.) Thereafter and on October 18, 1932, as the minutes show, " the Court sentenced Defendant, Pete Kondrk, to be confined in New York State Reformatory, subject to the rules and regulations of that institution." At the times aforesaid section 288 of the Correction Law made this provision: " Any person who shall be convicted of an offense punishable by imprisonment in Elmira reformatory, and who, upon such conviction, shall be sentenced to imprisonment therein, shall be imprisoned according to this article, and not otherwise. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole in the executive department, as authorized by this article; but such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced ". (L. 1931, ch. 455.)

Pursuant to that statutory command, the Board of Parole made the defendant's sentence one for an indeterminate term with a twenty-year maximum. Twice thereafter the defendant was paroled and each time was returned to prison upon being declared delinquent. As now computed by the Department of Correction, his sentence will not expire until May 19, 1955.

The present habeas corpus proceeding was brought by the defendant in July, 1947. At Special Term, the sentence imposed upon him in October, 1932, was held to be void and the writ was sustained. The Appellate Division, however, reversed on the law, dismissed the writ and remanded the defendant to the custody of the warden of the prison to which he had been confined. The defendant then brought the case here with the aid of counsel assigned to him by this court.

His counsel attacks counts three and four of the indictment (the charges of criminal receipt and concealment) as being inconsistent with count two (the charge of larceny). The argument is that the defendant could scarcely have appropriated property owned by the Clute Motor Company or its patrons and at the same time and place as part of the same transaction have also criminally received or concealed that identical property. Hence, as counsel insists, his client's plea of guilt must be taken to have been addressed only to counts one and two and to have been so accepted by the County Court when it pronounced sentence upon him.

At that time, the defendant could not have been validly imprisoned on counts one and two of the indictment for longer than ten years. He had already served more than ten years when this proceeding was commenced. Consequently, his counsel concludes, the defendant is now restrained of his liberty without lawful authority and so this writ of habeas corpus should be sustained. This argument must be rejected, although in our judgment habeas corpus was for this defendant the appropriate remedy (see *People ex rel. Carollo v. Brophy*, 294 N. Y. 540, 542).

When the defendant was before the County Court neither he nor the counsel who there appeared for him said a word in respect of any contradiction of count two of the indictment by counts three and four thereof. Instead the defendant through his then counsel pleaded " Guilty as charged in the indictment " and when the court accepted that plea the result was a judgment convicting the defendant on all four counts of the indictment (cf. *People v. Daiboch*, 265 N. Y. 125).

The form of the sentence imposed on the defendant was dictated by the words we have quoted from former section 288 of the Correction Law. The maximum terms of imprisonment for the crimes of which the defendant stood convicted were five, ten and twenty years. The Board of Parole, therefore, did

no more than follow the Correction Law when it made the sentence one for an indeterminate term with a twenty-year maximum.

The order should be affirmed, without costs.

LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed.