THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAURICE DE GRAN, Relator, against THOMAS McDONNELL, as Warden of the Penitentiary of the City of New York, Rikers Island, Defendant.

Supreme Court, Special Term, Bronx County, August 30, 1951.

*Morris L. Gussow* for relator.

*George B. De Luca, District Attorney (John B. Lee* of counsel), District Attorneys of Bronx County and of New York County, and as *amicus curiæ*.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran, Samuel Stern* and *Emanuel Strauss* of counsel), for defendant.

Matthew M. Levy, J. The petitioner seeks release from imprisonment in the city workhouse. He sued out a writ of habeas corpus, claiming that he was being illegally detained. The hearing on the petition and writ was held before me.

According to the return filed by the warden of the city penitentiary to the writ, the relator was convicted on his plea of guilty of the misdemeanor of violation of paragraph (a) of subdivision 1 of section 632 of the Labor Law, in that he unlawfully obtained unemployment benefits; and he was sentenced, on January 31, 1951, to imprisonment in the city workhouse for a term of one year.

Claiming that, under section 203 of the Correction Law, the City Magistrate of the City of New York, who was then presiding and holding a Court of Special Sessions, had no power or authority to sentence him beyond six months, the relator urges that the sentence was void, and that therefore he should be discharged from custody.

An examination of the records in the Magistrate's Court, which were produced upon the hearing before me, does indicate that the defendant was committed for the term of one year. Precisely, according to the record notation made by and over the signature of the presiding magistrate at the time of sentence, the relator was " Committed to City Prison or Workhouse for One Year."

However, the records further disclose that the information contained two counts, each alleging the commission of a separate and different misdemeanor having to do with the defendant's violation of paragraph (a) of subdivision 1 of section 632 of the Labor Law. The defendant pleaded guilty to the information, and thus he was convicted on each of the two counts; and

he was lawfully sentenced to six months on each of the two counts, rather than having been unlawfully sentenced to one year on either (unspecified in the records) of the counts. That I find, not alone on the basis of the well-recognized presumption of legality and regularity of judicial proceedings, but also from the minutes of the hearing before the sentencing magistrate. I quote from page 13 of the certified copy of the transcript of the minutes of the official court stenographer of the Magistrate's Court of January 31, 1951:

" THE COURT: Defendant is committed to six months on each count.

" [The defendant's attorney]: Will your Honor make them run concurrently?

" THE COURT: No, sir; not in this case. I will give him one year and suspend sentence on the second count, if you would rather have it that way.

" THE DEFENDANT: Yes, your Honor, I would rather have it.

" THE COURT: I am asking your lawyer.

" [The defendant's attorney]: No, I think we will take the six months sentence.

" THE COURT: Six months on each count, total sentence one year."

Thus, it is clear to me that the Magistrate, being lawfully intent on sentencing the defendant to a total of one year, did just that by sentencing him to six months on each of the two counts, which sentence was not to run concurrently, but, rather, consecutively. In effect, the sentences would thus amount to the one year the Magistrate determined that the past record of this defendant warranted. Did the ministerial or transcriptural error of notation of the sentence — " Committed to City Prison or Workhouse for One Year " — overcome the patent absence of error in the actual sentence — " Six months on each count, total sentence one year."? I think not. It appears to me that there is no question but that the defendant was in fact sentenced to six months on each count, the sentences to be served consecutively, as is provided for and permitted by the statute, and that a sentence for one year as such was not in fact given. The Magistrate seemingly might have fallen into error, as the transcript of the minutes indicated, but he did not, for he obviously did not sentence the defendant to one year per se. The totaling of the amount of the sentence by the court was merely an indication that the terms of imprisonment were not to be served concurrently. Such a sentence was properly within the jurisdiction of the court.

At the hearing before me, the District Attorney of The Bronx (the county of detention) and the Attorney-General of the State (the prosecuting official) represented the respondent. They frankly conceded the error in the commitment, and urged the court to overlook it, as in this proceeding such a defect is no basis for freeing the duly convicted and sentenced relator. I agree. (*People ex rel. Granza* v. *Johnston*, 67 N. Y. S. 2d 181, affd. 271 App. Div. 825; motion for leave to appeal to Court of Appeals denied, 271 App. Div. 916.) Accordingly, the writ is dismissed, the petition is denied, and the relator is remanded.

After the institution of this proceeding, and before the hearing on the adjourned date, it appears that the Attorney-General urged the clerk of the Magistrate's Court to issue a corrected commitment. The clerk responded, in pursuance of the then presiding Magistrate's ruling, that the prosecutor would be required to present his motion in writing on notice to the defendant.

At the time of the hearing before me no application was pending before the Magistrate's Court for the correction. The law enforcement officials urged me to direct that the clerk of the Magistrate's Court issue a proper commitment in accordance with the judgment of conviction and sentence imposed by that court. This I doubt that I can or should do, not because I am pleased with the situation as it is, but because neither the Magistrate who did the sentencing nor the clerk who issued the commitment is before me, even assuming — which I doubt — that in a proceeding such as this, the relief requested is permissible.

I say that I am not pleased with the situation, because I am told that such errors are not infrequent and there appears to be some reluctance on the part of the sentencing court to correct its own errors, as well as on the part of the prosecuting authorities to set formal machinery in motion to compel correction. It seems to me that it would be to the greater benefit of public administration if genuine effort were made to avoid the incongruous appearance of the executive and judicial branches of the Government being tied up in apparent red tape or conflict, to the moral satisfaction if not legal advantage of a convicted defendant; and, when such error is brought to the attention of the prosecuting authority, appropriate application should be made promptly in the court of sentence so that the records may be complete and correct. I recognize that in the *Granza* case (*supra*) the court not only overlooked the imperfection in the mittimus (with which I agree), but it also directed the clerk

of the sentencing tribunal to issue a proper commitment. The appropriateness of such a mandate — in effect ex parte vis-a-vis the sentencing court — does not seem to have been tested on appeal, and I prefer the direct procedure here outlined.

Order signed.