Donald S. Taylor, J.
In this article 78 proceeding the petitioner, an inmate of a State prison, seeks to annul a determination by the respondents that his conviction upon a plea of guilty in the United States District Court for the Southern District of New York to an indictment which charged him, while on parole, with violations of sections 173 and 174 of title 21 of the United States Code constituted a felony within the purview of section 219 of the Correction Law.
In its first count the indictment charged that the petitioner and another ‘ ‘ unlawfully, willfully and knowingly did receive, conceal, sell and facilitate the transportation, concealment and sale of certain narcotic drugs, to wit: approximately 1291 G-rains after the said narcotic drugs had been imported and brought into the United States contrary to law, knowing that the said narcotic drugs had theretofore been imported and brought into the United States contrary to law in that the importation and bringing of any narcotic drugs into the United States, except such amount of crude opium and coca leaves as the Commissioner of Narcotics find to be necessary to provide for medical *917 and legitimate uses only, is prohibited. (Title 21, Sections 173 and 174, United States Code.) ” (Emphasis supplied.) The indictment’s second count charged the same crime in respect of 854 grains of similarly unspecified narcotic drugs.
Section 173 of the Federal statute makes it unlawful to import certain narcotic drugs. Section 174 provides, in part, as follows: “ Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000.” (Emphasis supplied.)
The petitioner’s plea of guilty resulted in a judgment convicting him of the crimes charged in the indictment. (People ex rel. Kondrk v. Foster, 299 N. Y. 329, 332.) Each count charged the sale of narcotic drugs, acts which the law of this State treats as felonies. (Penal Law, § 1751; Public Health Law, § 3305; People v. Gennaro, 261 App. Div. 533, affd. 287 N. Y. 657.) The indictment’s charges that the sales were willful and conscious with knowledge that the drugs had been imported into the United States contrary to law and thus became contraband under the Federal statutes in no way lessens the impact of the operative acts under the State statutes and may be regarded as immaterial. Consequently, the respondents had no alternative but to apply the provisions of section 219 of the Correction Law to the petitioner’s sentence. (People ex rel. Watkins v. Murphy, 3 N Y 2d 163, cert, denied 355 U. S. 858; People v. Olah, 300 N. Y. 96; People ex rel, Wilson v. Jackson, 2 A D 2d 638; People ex rel. King v. Morhous, 286 App. Div. 925.)
Although they are now moot, the respondents ’ contentions of untimeliness and laches in the institution of the proceeding are unsubstantial. (Matter of Kenny v. Loos, 286 App. Div. 97, 99.)
Accordingly, the application is denied and the petition is dismissed, without costs.
Submit order.