MATTER OF F——G—— & C——D——

In DEPORTATION Proceedings

A-7069072
A-10059533

*Decided by Board September 11, 1959*

Deportation—Crimes after entry—Single scheme of criminal misconduct—
False statements to obtain unemployment compensation.

False statements made one week apart to obtain unemployment compensation,
resulting in conviction on two counts under section 632.1(a) of the New
York Labor Law, held to constitute "single scheme of criminal misconduct"
exempting alien from deportability under section 241(a)(4) of the 1952 act.

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted
of two crimes—Violation of section 632, subdivision 1(a), New
York State Labor Law, two offenses. (First respondent)

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at entry under 8 U.S.C. 1182(a)(17)—Arrested and deported, no
permission to reapply. (Second respondent)
Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at entry under 8 U.S.C. 1182(a)(9)—Prior conviction of crime—
Violation of section 632, subdivision 1(a) of the New York State
Labor Law. (Second respondent)

## BEFORE THE BOARD

**Discussion:** This matter is before us on appeal from a decision
of a special inquiry officer directing the deportation of the first
respondent, granting the second respondent voluntary departure,
and directing the latter's deportation if he fails to depart volun-
tarily.

Both respondents are married males and are natives and citizens
of Cuba. The first respondent's age does not appear in the record.
He last entered the United States on June 13, 1954, as a returning
resident and first entered this country on November 29, 1948. The
second respondent is 41 years old and last entered the United States
on March 15, 1955, at which time he was admitted for permanent
residence. He had previously entered as a visitor in March 1950
and remained without authority until November 9, 1954, when he
was deported. The special inquiry officer held that each respondent

was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct and that they were deportable on the charges stated in the respective orders to show cause.

Counsel has raised two principal issues. First, he contends that each respondent was convicted of but one crime. Secondly, he asserts that if each respondent was convicted twice, the convictions arose out of a single scheme of criminal misconduct.

On May 18, 1954, each respondent pleaded guilty to an information containing two counts. The first count in each information charged the making of a false statement on August 13, 1953, for the purpose of obtaining unemployment insurance benefits for the period f. om August 6 through August 9, 1953. The second count charged the making of a false statement on August 20, 1953, for the purpose of obtaining benefits from August 13 through August 16, 1953. On June 15, 1954, the sentence imposed on each respondent was "$500 fine or 90 days Workl ouse and 6 months Workhouse—execution of Workhouse sentence suspended during good behavior of defendant— defendant to make restitution to State of New York."

The statute violated was section 632.1(a) of the New York Labor Law under which it is a misdemeanor for a person to willfully make a false statement or misrepresentation for the purpose of obtaining any payment under that law. Section 630 provides that any such misdemeanor shall be punishable by a fine of not more than $500 or imprisonment for not more than one year, or both. Counsel's statement at the oral argument that the maximum punishment is six months' imprisonment for one offense is apparently incorrect, although the question of whether the maximum punishment is six months or one year is not material in this case.

During the oral argument some discussion took place concerning the use of the disjunctive and the conjunctive in the sentence imposed on each respondent as quoted above, and there was some intimation that it actually constituted two sentences. We believe it is clear that only one sentence was imposed on each respondent which consisted of a sentence of six months to the workhouse (suspended) and a fine of $500 with 90 days to be served in the workhouse if the fine was not paid.

Although we agree with counsel that each of the respondents received only one sentence, it does not follow that this establishes that each was convicted of only one crime as counsel contends Subdivision 4 of section 2190 of the New York Penal Law provides that, where a person is convicted of two or more offenses constituting different crimes, the court may impose a separate sentence for each offense. It has been held that this statutory provision contemplates a separate sentence for each distinct offense but that

no substantial right of a defendant was affected by failure to impose a separate sentence on each count on which he had been convicted, since it could not be supposed that the punishment would have been less in that case. *People v. Luciano*, 277 N.Y. 348 (Court of Appeals of New York, 1938); *People v. Schwartz*, 53 N.Y.S. 2d 741 (County Court, 1945). Hence, it follows that the fact that one sentence was imposed is of no assistance in determining whether these respondents were convicted of one crime or two crimes.

*Roberts v. Murphy*, 45 N.Y.S. 2d 779 (Supreme Court, Appellate Div., 1944), related to two false statements made on different dates for which an unemployment insurance referee imposed two penalties. This was an administrative proceeding under section 507–A of the New York Labor Law which specifically provides: "Such penalty shall apply only once with respect to each offense." It was held that the two false statements constituted only one offense and, therefore, only one penalty could be imposed. Section 507–A is not involved in the cases of these respondents. An even more important distinction is that the respondents pleaded guilty to the information containing two counts, whereas there was no occasion for a plea by Mrs. Roberts and she appealed from the imposition of the two penalties. For the reasons indicated, we hold that this decision is inapposite to the cases of the respondents.

Since it is a misdemeanor under section 632.1(a) of the New York Labor Law to willfully make a false statement or misrepresentation to obtain "any benefit," it follows that the false statements made by the respondents on August 13, 1953 (count one), and on August 20, 1953 (count two), constituted two violations of that statutory provision. The facts in *People ex rel. De Gran v. McDonnell*, 107 N.Y.S. 2d 275 (Supreme Court, Bronx County, 1951), are similar to the facts in the cases of the respondents. The information filed against De Gran contained two counts which charged violations of section 632.1(a) by the making of a false statement on or about November 30, 1948, to obtain benefits for the period from November 18 to November 21, 1948 (count one) and by the making of a false statement on the same day (November 30, 1948) to obtain benefits for another four-day-period (count two). De Gran was sentenced by a City Magistrate who apparently does not have power, under section 203 of the Corrections Law, to impose a sentence of over six months. If a sentence of one year had been imposed, as De Gran claimed, the sentence would have been unlawful, but the Supreme Court of Bronx County held that it was valid because the sentence actually was for six months on each count to run consecutively. Hence, it is clear that each violation of section 632.1(a) constitutes a separate crime and that the court is authorized to impose a separate punishment for each violation. Assuming that each of these

respondents was convicted of two such violations, the court could have imposed the maximum sentence on each count. *People* v. *Erickson*, 302 N.Y. 461 (Court of Appeals of New York, 1951).

As counsel has asserted, it is true that there is one respect in which *People ex rel. De Gran* v. *McDonnell, supra,* differs from the cases of the respondents. In that case, two sentences of six months, to be served consecutively, were imposed. In the cases of the respondents, only one sentence was imposed on each. However, counsel is mistaken in stating in his brief that De Gran pleaded guilty to each of the two counts contained in the information, because he simply pleaded guilty to the information. This is shown by the statement in the court's decision which reads, "The defendant pleaded guilty to the information, and thus he was convicted on each of the two counts." To the same effect is *People ex rel. Kondrk* v. *Foster*, 299 N.Y. 329 (Court of Appeals of New York, 1949), in which the defendant pleaded guilty to an indictment and it was held that, when the County Court accepted that plea, "the result was a judgment convicting the defendant on all four counts of the indictment."

It is only where the record shows a plea of guilty to a particular count that the plea can be considered so restricted; where there is merely an unqualified plea of guilty to an information or indictment, we hold that it constitutes a plea of guilty to all counts of the information or indictment. We conclude that these respondents, by their plea of guilty to the informations, pleaded guilty to both counts of the informations and were each convicted of two crimes. We have previously held that a violation of section 632.1(a) of the New York Labor Law involves moral turpitude and we adhere to that view. Accordingly, we hold that each of the respondents was convicted of two crimes involving moral turpitude.

Counsel contended that the present record concerning the second respondent (C——D——) is exactly the same as was the record concerning the first respondent when we ordered reopening of the proceedings in his case on October 31, 1958. At that time we held that the first respondent's plea of guilty was a plea of guilty to both counts but we were uncertain as to whether the court had the power to sentence on both counts and whether there were two convictions. Since these legal questions have now been resolved in accordance with our discussion above, we reject counsel's contention and hold that there is no deficiency in the record concerning the second respondent inasmuch as it shows that he pleaded guilty on May 18, 1954, to the information containing two counts.

The next issue is counsel's contention that, if we conclude that each respondent was convicted of two crimes, we should hold that the two crimes arose out of a single scheme of criminal misconduct.

450

Counsel argues that it is reasonable to infer that on the first occasion when each respondent falsely represented that he was unemployed in order to obtain benefits, he intended to do so again for the remaining 25 weeks during which, if he had been entitled thereto, the benefits would have been payable. While an inference extending to 26 weeks may be too broad, we believe there is merit in counsel's argument that the false statements made on August 13 and August 20, 1953, arose out of a single scheme of criminal misconduct which originated on or before August 13, 1953. In our previous order concerning the first respondent, we had reached a contrary conclusion. Since that time, the statutory phrase has received additional judicial interpretation. *Wood* v. *Hoy*, 266 F. 2d 825 (C.A. 9,1959) ; *Khoury* v. *Hoy* (unreported, S.D. Cal., Central Div., #936–58, decided January 9, 1959) ; *Zito* v. *Moutal*, 174 F. Supp. 531 (D.C. Ill., 1959). After careful consideration of the cases of the respondents in the light of these decisions, as well as the decision in *Jeronimo* v. *Murff*, 157 F. Supp. 808 (S.D.N.Y., 1957), it is our considered opinion that the crimes committed by the respondents on August 13 and August 20, 1953, arose out of a single scheme of criminal misconduct. It follows that the first respondent is not deportable and the proceedings in his case will be terminated.

The first charge in the second respondent's case is that he is deportable under 8 U.S.C. 1251(a)(1) because he was excludable at the time of entry under 8 U.S.C. 1182(a)(9) due to prior convictions for the two violations of section 632.1(a) of the New York Labor Law. The fact that we held that the two convictions arose out of a single scheme of criminal misconduct is not of assistance to this respondent since, notwithstanding that factor, he was excludable under 8 U.S.C. 1182(a)(9) at the time of entry because of these convictions.

The American consular officer who issued the second respondent's visa on February 21, 1955, and the special inquiry officer who subsequently admitted him to the United States knew that he had been convicted of a labor law violation but evidently were not aware that two offenses had been committed by this respondent and that, therefore, the provisions of section 4 of the Act of September 3, 1954 (8 U.S.C. 1182a) were inapplicable.

The second respondent's wife and 19-year-old son are lawfully resident aliens and he has a six-year-old daughter who is a citizen. We have given consideration to the provisions of section 5 of the Act of September 11, 1957 (8 U.S.C. 1182b). However, even if we assumed that the second respondent could satisfactorily establish the hardship and other requirements of this provision, it could not be exercised *nunc pro tunc* in his case because this statutory provi-

sion was not in existence when he last entered the United States on March 15, 1955. *Matter of P——*, 7 I. & N. Dec. 713 (1958).

The second respondent was born in Cuba and natives of Cuba [an adjacent island under 8 U.S.C. 1101(b)(5)] were not eligible for preexamination during the period when this form of discretionary relief was available. It was only in cases where preexamination was granted that an alien's application under section 5 of the Act of September 11, 1957, could be considered while he was within the United States. *Matter of DeF——*, Int. Dec. No. 978 (Atty. Gen., Feb. 26, 1959); *Cammarata* v. *Sahli*, 163 F. Supp. 125 (E.D. Mich., 1958). In the event that this respondent desires to apply for another immigrant visa, an application under section 5 of the Act of September 11, 1957, may be submitted through the American consular officer in accordance with 8 CFR 212.7.

On November 9, 1954, the second respondent was deported from the United States, and the first charge in his case is predicated on the fact that he did not have permission to reapply for admission to the United States. At the hearing he applied for such permission *nunc pro tunc*. We agree with the special inquiry officer that such permission should not be granted at this time since it would serve no useful purpose due to the fact that the second respondent would, nevertheless, remain deportable on the second charge. The special inquiry officer directed that he be granted voluntary departure with a provision for deportation if he fails to depart voluntarily. We concur in this disposition of the second respondent's case.

**Order:** It is ordered that as to the first respondent the appeal be sustained, that the outstanding order of deportation be withdrawn and that the proceedings be terminated in his case.

*It is further ordered* that the appeal be dismissed as to the second respondent.